# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JAMES MICHAEL WEBB, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>KENNY NEUBAUER–UNIT MANAGER; KEN COZBY–DISCIPLINARY HEARINGS OFFICER; MYRON BEESON–ASSOCIATE WARDEN; and LEROY KIRKEGARD–WARDEN,<br>Defendants. | Cause No. CV 12-00075-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Webb lodged a proposed Complaint, alleging he was disciplined at Montana State Prison without adequate due process. C.D. 2. The Complaint fails to state a claim upon which relief may be granted because none of the allegations implicate a protected liberty interest. The Complaint should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). This action

1

presents allegations under 42 U.S.C. § 1983, invoking federal jurisdiction. 28 U.S.C. § 1331. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3). This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

**III. STATUS**

Mr. Webb has been granted leave to proceed in forma pauperis. C.D. 9. His Complaint is now before the court for pre-screening review.

**IV. STANDARDS**

**A. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW**

Because Mr. Webb is a prisoner proceeding in forma pauperis, his Complaint must be reviewed before it is served on the Defendants. 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require dismissal of a pro se prisoner complaint before it is served if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

2

(2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

When the statute requires dismissal, but the court may grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Leave to amend is not appropriate if "the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Due Process Violation**

To state a claim for a due process violation, a plaintiff must allege (1) a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does

not require any process, and the second element becomes irrelevant.  See, e.g., Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

In the prison setting, as applicable to these allegations, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Ramirez, 334 F.3d at 861 (citing Sandin, 515 U.S. at 486-87); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

**V. FACTS**

For purposes of this review, the well-pleaded facts in the allegations of Mr. Webb's Complaint set forth below are presumed to be true.

Mr. Webb was incarcerated at Montana State Prison at the time he filed this action. Montana State Prison Unit Manager Kenny Neubauer charged Mr. Webb with a disciplinary infraction ("write-up") on Feb. 2, 2012. C.D. 2-1, p. 1. The write-up accuses Mr. Webb of participating in a derogatory conversation about a prison therapist. It states that Mr. Webb and four other inmates made demeaning comments about the therapist, and that Mr. Webb was the "main instigator." Neither the therapist nor any other prison staff person actually heard the conversation. C.D. 2.

Mr. Webb was found guilty at a disciplinary hearing of three violations of prison rules: insolence, obstructing, and sexual harassment. C.D. 2-1, p.3. He was sentenced to five days detention for each offense. The disciplinary hearing report indicates Mr. Webb was found guilty because "credible witnesses confirm that he interfered with staff by degrading the group process, caused harm in staff, and engaged in sexually harassing behavior." C.D. 2-1, p.3.

Ken Crozby, the Disciplinary Hearing Officer, signed the hearing decision report. Mr. Webb appealed the write-up, claiming it was based on hearsay. Associate Warden Beeson upheld the decision, contending there was enough evidence to support the finding. C.D. 2-1, p. 4.

As a result of the offenses Mr. Webb was placed in the "hole,"[1] transferred to a higher custody housing unit, given points for a "failed" treatment program, given a "three year write-up", lost his "clear conduct," and lost the opportunity to appear before the pre-release screening committee. C.D. 2, p. 6.

Mr. Webb alleges he was improperly punished on the basis of hearsay evidence, in violation of prison policy. He alleges that Mr. Neubauer failed to show proof for the charged rule violations, that Ken Cozby and Myron Beeson failed to demand proof for the charges, and that Leroy Kirkegard is liable as the supervisor and administrator of the other Defendants. C.D. 2, p. 5.

**VI. ANALYSIS**

Mr. Webb's allegations do not implicate a protected liberty interest, and therefore do not satisfy the first requirement to state a claim for a due process violation. Meachum, 427 U.S. at 224.

**A.    A prisoner has no liberty interest in a particular facility.**

The Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Meachum, 427 U.S. at 225. Mr. Webb does not challenge the validity of that conviction

---

[1] Presumably Mr. Maier is alleging he was placed in disciplinary segregation. See James E. Robertson, The Decline of Negative Implication Jurisprudence: Procedural Fairness in Prison Discipline After Sandin v. Conner, 32 Tulsa L.J. 39, 56 (1996) ("The 'hole' is prison slang for disciplinary segregation.").

here. Thus, Mr. Webb is a duly convicted prisoner with no liberty interest in a particular prison facility. Meachum, 427 U.S. at 225 ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.").

**B.    15 days of disciplinary confinement does not implicate a liberty interest.**

Mr. Webb alleges that his confinement in disciplinary segregation ("the hole") on insufficient evidence constituted a violation of his Due Process right. C.D. 2. Mr. Webb received five days detention for each of the three violations. It is not alleged whether those periods were concurrent or consecutive. Assuming the worst for Mr. Webb, the punishment amounted to 15 days of segregated confinement.

The Due Process Clause does not create an interest in being confined to a general population cell. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). Thus, administrative (non-punitive) segregated confinement doe not implicate a liberty interest. Id.

In Sandin, the Court considered whether punitive segregated confinement could implicate a liberty interest. 515 U.S. at 485. The Court held that disciplinary segregated confinement might deprive a person of a liberty interest if it was a "significant, atypical deprivation." Id. The Court determined that 30 days in punitive segregated confinement where the conditions were not significantly different than in administrative confinement was not a "significant, atypical deprivation." Id. Therefore the 30 days of disciplinary segregation did not give rise to a liberty interest. Id.

Here, taking the allegations as true and giving them the most liberal interpretations, Mr. Webb spent a maximum of 15 days in segregation. He does not allege that conditions were any different than administrative confinement or general confinement. As a matter of law, Mr. Webb's disciplinary segregation for up to 15 days does not implicate a liberty interest. Id.

**C. A potential effect on parole is too attenuated to implicate a liberty interest.**

Mr. Webb alleges he was denied the opportunity to appear before the pre-release screening committee. C.D. 2, p.6. The Court explained in Sandin that, "The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain

8

the circumstances behind his misconduct record." Sandin, 515 U.S. at 487. Consequently, the possibility that the disciplinary action taken against a prisoner could influence the prisoner's early release is "too attenuated" to implicate the Due Process Clause. Sandin, 515 U.S. at 487. Mr. Webb's allegation that the disciplinary action deprived him of an opportunity for pre-release does not allege a protected liberty interest.

**D.     The failed treatment program, three year write-up, and loss of clear conduct do not implicate liberty interests.**

Mr. Webb alleges that he was injured by receiving more "points" for a failed treatment program, being given a "three year write-up," and by "losing his clear conduct." C.D. 2. He does not explain any of those terms, connect them to a specific defendant, or allege how they caused him harm. Construing the allegations liberally, Mr. Webb may be attempting to allege that he lost institutional benefits for good behavior that might have reduced his sentence.

The Constitution does not, itself, create a protected liberty interest in good time credits. Wolff v. McDonnell (1974), 418 U.S. 539, 557. However, a state can create a liberty interest in good time credit by adopting a statute that grants good time credit as a matter of right. Id. Montana no longer guaranties good time credit. See Laws 1995, ch. 372, §§ 12(2), 13. He does not have a protected liberty interest

in good time credit.  His allegations fail to state a claim.

If Mr. Webb is instead asserting the loss of clear conduct, additional points, and three year write-up impact his chances parole, the conclusion is the same.  As stated above, a possible impact on parole does not implicate a liberty interest.  Sandin, 515 U.S. at 487.

**VII. CONCLUSION**

Mr. Webb's Complaint does not allege a protected liberty interest: a prisoner has no protected liberty interest in living in a particular prison facility, any effect of disciplinary action on the possibility of parole is too attenuated to establish a liberty interest, and a prisoner of the State of Montana does not have a liberty interest in good time credit.   Because Mr. Webb does not allege a protected liberty interest, he cannot establish a due process violation.  Meachum, 427 U.S. at 223-24.  His Complaint does not state a claim on which relief can be granted.

**A.  Leave to Amend**

Mr. Webb's allegations fail to state a claim upon which relief may be granted.  His alleged injuries fail, as a matter of law, to implicate due process.  These are not defects which could be cured by amendment.  The Complaint should be dismissed.

**B.  Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter

would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Mr. Webb failed to state a claim against Defendants. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### D. Address Changes

At all times during the pendency of this action, Mr. Webb SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address, except if Mr. Webb is released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Webb's Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Webb failed to state a claim upon which relief may be granted and his claims are frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Webb may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Webb files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict

that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Webb from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of November, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge